UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-393-FDW

| ROBERT BALLARD, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| FNU HATLEY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. (Doc. No. 8). Also pending before the Court are Plaintiff's Motion for Preliminary Injunction, (Doc. No. 5), and his Motion to Add Defendants re Complaint, (Doc. No. 6).

**I.  BACKGROUND**

Pro se Plaintiff Robert Ballard, a North Carolina inmate currently incarcerated at Central Prison in Raleigh, North Carolina, filed this action on July 7, 2017, pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff brings various claims against nine individuals, based on events occurring while Plaintiff was incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina.

**II.  STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious

[or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

**III.    DISCUSSION**

Under Rule 18(a) of the Federal Rules of Civil Procedure, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. See FED. R. CIV. P. 18(a). However, to name other defendants in the same lawsuit, the plaintiff must satisfy Rule 20(a)(2), which permits joinder of multiple defendants only where the right to relief asserted against them arises out of the same transaction or occurrence and concerns a common question of law or fact. See FED. R. CIV. P. 20(a)(2). Here, Plaintiff's Complaint brings distinct claims against different Defendants, with some of the claims arising out of incidents that occurred on unspecified dates, including an Eighth Amendment claim for deliberate indifference to serious medical needs, an Eighth Amendment claim based on conditions of confinement, and an Eighth Amendment excessive force claim. Thus, Plaintiff's allegations fail to comply with the rules governing the joinder of multiple claims and defendants in the same lawsuit. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," so as to prevent prisoners from dodging the fee payment or three-strikes

2

provisions in the Prison Litigation Reform Act). For instance, Plaintiff's Eighth Amendment deliberate indifference claim as to various Defendants is wholly unrelated to his excessive force claim against other Defendants. Furthermore, in its current form, the Complaint does not have sufficient factual allegations for the Court to evaluate his claims. For instance, Plaintiff has not specified dates for some of the events giving rise to his claims, nor has he sufficiently identified how each Defendant's conduct violated his constitutional rights. Furthermore, Plaintiff has not sufficiently alleged how he was injured from the various alleged constitutional violations against him. For instance, he alleges that one of the named Defendants denied his use of a wheelchair, but Plaintiff does not allege how he was injured by this denial.

The Court will allow Plaintiff the opportunity to amend the Complaint to comply with Rules 18 and 20, and to clarify his particular claims. That is, in an Amended Complaint, Plaintiff may choose which distinct claims he wishes to pursue in this action. As to wholly unrelated claims against different Defendants, he must bring those claims through separately filed lawsuits. For instance, Plaintiff's deliberate indifference claim as to various Defendants must be brought in a separate lawsuit from his wholly unrelated excessive force claim against different Defendants.[1] Finally, the Court notes that Plaintiff has now been transferred to Central Prison. To the extent that his medical needs are now being met, his claims for injunctive relief against Defendants are moot, and he is advised to evaluate whether he wishes to continue to pursue a deliberate indifference claim in any Amended Complaint he may file.

---

[1] The Court further notes that, in his pending Motion to Add Defendants, Plaintiff purports to add a claim against Lanesboro physician FNU Haynes for deliberate indifference to serious medical needs. Plaintiff already appears to have brought this same claim against Defendant Haynes in another, pending lawsuit in this Court. See (Doc. No. 3:17cv455 (W.D.N.C., filed July 31, 2017)). Plaintiff may pursue his deliberate indifference claim against Haynes in one of his pending actions, but not both.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with this order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with this order. If Plaintiff fails to amend the Complaint within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff. Furthermore, to the extent that an Amended Complaint purports to bring claims against multiple defendants that are wholly unrelated, the Amended Complaint will be subject to dismissal without further notice to Plaintiff for the reasons explained in this order.
2. Plaintiff's Motion to Add Defendants, (Doc. No. 6), is **DENIED** as moot. Furthermore, Plaintiff's Motion for Preliminary Injunction, (Doc. No. 5), will be **DENIED** at this time, with leave for Plaintiff to refile a motion for a preliminary injunction if and when he files an Amended Complaint.
3. The Clerk is directed to mail Plaintiff a new Section 1983 Complaint form.

Signed: January 9, 2018

Frank D. Whitney
Chief United States District Judge