# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:17-cv-393-FDW

| | |
|---|---|
| ROBERT BALLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU HATLEY, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A, (Doc. No. 12). On August 2, 2017, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 8). Thus, Plaintiff is proceeding in forma pauperis.

## I.   BACKGROUND

Pro se Plaintiff Robert Ballard is a North Carolina prisoner incarcerated at Central Prison in Raleigh, North Carolina. Plaintiff filed this action on July 7, 2017, pursuant to 42 U.S.C. § 1983. Pursuant to an order from the Court, Plaintiff filed an Amended Complaint on March 2, 2018, naming the following persons as Defendants: (1) Mr. Herring, Superintendent, Lanesboro Correctional; (2) J. Bennett, Assistant Superintendent, Lanesboro Correctional; (3) Mr. Thompson, Nurse Supervisor, Lanesboro Correctional; (4) Mr. Rogers, Assistant Superintendent, Lanesboro Correctional; (5) Mr. D. Hatley, Unit Manager, Lanesboro Correctional; (6) Capt. Aaron, Captain, Lanesboro Correctional; (7) Sergeant Simmons, Sergeant, Lanesboro Correctional; (8) Nurse Parks, Nurse, Lanesboro Correctional; and (9) First Shift Nurses, Lanesboro Correctional. Plaintiff alleges that, while he was incarcerated at Lanesboro,

1

Defendants violated his constitutional rights by deliberately ignoring his serious medical needs and by subjecting him to unconstitutional conditions of confinement.

Plaintiff alleges in the Complaint that he is confined to a wheelchair and needs to be in a handicap cell. He alleges that he was housed in Red Unit, segregation, until he was sent to an outside hospital for chest pains, and then returned to Lanesboro. He alleges that he was transferred to Lanesboro in May 2017. Plaintiff alleges that he should never have been transferred to Lanesboro because it is not a medical hospital. Plaintiff alleges that, for numerous days, he was denied the use of a shower, hot water, and lights in his cell; that various Defendants denied him needed medications; he was denied clean clothing and underwear, pants, shirts, and bedding for nine days; he was chained (by Defendants Aaron, Simmons, and three other officers) with a waist chain and handcuffs (black box); and his leg was cut in response to him knocking on his cell door to receive medical assistance when having chest pains, and he was forced to use the bathroom on the floor. Plaintiff alleges that he wrote a letter to Defendant Rogers, Assistant Superintendent, about not receiving a shower or clean clothes, and Defendant Rogers told Plaintiff he could receive a shower and clean clothes, but it did not happen.

Plaintiff filed grievances with Defendant Herring, Superintendent of Lanesboro, about his medications not being given to him. He also alleges that Defendant Thompson changed Plaintiff's activity level from A-3 to A-1, which is the wrong level for Plaintiff because he suffers from numerous health issues. Plaintiff also alleges that Defendant Hatley has denied Plaintiff a handicap cell while at Lanesboro. Finally, Plaintiff alleges that "each and every named Defendant has personal knowledge and involvement in the above actions, decisions." (Doc. No. 12 at 7). For relief, Plaintiff states that he seeks injunctive relief and compensatory and punitive damages. (Id. at 8).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

To state a claim for a violation of the Eighth Amendment under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable Section 1983 claim for a federal constitutional violation. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable for a constitutional violation, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

As to Plaintiff's claim alleging unconstitutional conditions of confinement, the Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Rather, extreme deprivations are required, and "only those deprivations denying the minimal

4

civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation omitted)). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also generally allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

The Court finds that, assuming that Plaintiff's allegations are true, and drawing all reasonable inferences in his favor, Plaintiff's claims are not clearly frivolous. Thus, this action survives initial screening. As to the Defendants named only as "First Shift Nurses," however, the Court notes that these Defendants cannot be personally served unless and until Plaintiff identifies each of their names.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's claims survive initial review.

**IT IS THEREFORE ORDERED** that:

1. This action survives initial review.
2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants, who are current or former employees of NCDPS.

1.

Signed: August 2, 2018

Frank D. Whitney
Chief United States District Judge