# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-00393-FDW

| | |
|---|---|
| **ROBERT BALLARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )     **ORDER** |
| | ) |
| **FNU HATLEY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on its own motion.

In reviewing the docket report in this matter, it appears to the Court that several Defendants, including Defendants FNU Hatley, Eyho A. Parks, Regina Hooks, and Charlene Barrett, have not been served with summons or filed waivers of service. On August 3, 2018 and September 14, 2018, Requests for Waivers of Service were sent to the all Defendants in this case. [Docs. 14, 18]. Waiver of Service have been returned executed from all Defendants except Defendants Hatley, Parks, Hooks, and Barrett. [See Docs. 20, 29].

On October 2, 2018, the NCDPS filed a document under seal indicating it was unable to procure a waiver of service for Defendants Hatley and Parks because these Defendants are no longer employed with the agency. The sealed document provides these Defendants last known addresses. [Doc. 21]. The NCDPS has not, however, responded in any way to the Request for Waiver of Service that was sent for Defendants Hooks and Barrett. [See Docs. 18, 20]. Further, it does not appear that the Marshals attempted to serve summons on Defendants Hooks and Barrett either.

Generally, a plaintiff is responsible for effectuating service on each named Defendant

within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal.  However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort.  See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Here, despite that requests for waivers of service were submitted to the NCDPS, no waivers from Defendant Hatley and Parks were obtained and no response relative to Defendants Hooks and Barrett was ever received.  As such, it does not appear that these Defendants actually ever received service of process.  With the additional information supplied for service on Defendants Hatley and Parks, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on Defendants Hatley and Parks in accordance with Rule 4.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket No. 21 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendants Hatley and Parks.

The Court will further order the NCDPS to file either waivers of service for Defendants Hooks and Barrett or a notice with the Court indicating the status and outcome of any attempts to obtain such a waiver and/or any reasons why such attempts could not be made.

**IT IS, THEREFORE, ORDERED** that:

(1) The Clerk of Court will send a copy of this Order and Docket No. 21 to the U.S.

Marshals Service.

(2) The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendants Hatley and Parks in accordance with Rule 4.

(3) The Clerk of Court will send a copy of this order to the NCDPS.

(4) The NCDPS will file a notice relative to Defendants Hooks and Barrett in accordance with the terms of this Order.

**IT IS SO ORDERED.**

Signed: May 13, 2019

Frank D. Whitney
Chief United States District Judge