# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-00393-FDW

| | |
|---|---|
| ROBERT BALLARD, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )     **CONSENT PROTECTIVE ORDER**<br>)<br>)<br>) |
| FNU HATLEY, et al., | )<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court Defendant Regina S. Hooks, RN's Motion for Entry of Consent Protective Order Controlling Production of Confidential Information by North Carolina Department of Public Safety, Division of Adult Corrections [Doc. 65] pursuant to Rules 26 and 37 of the Federal Rules of Federal Procedure and Rule 7 of the Federal Rules of Civil Procedure.

Defendant Hooks requests and Counsel for the Department of Adult Correction (DAC) consents to the entry of a consent protective order to authorize and govern the release of personnel and prisoner files to be produced by the North Carolina Department of Public Safety (NCDPS), which are deemed confidential pursuant to N.C. Gen. Stat. §§ 148-74 and -76 and may be confidential under 42 CFR 2.1 et seq., N.C. Gen. Stat. § 122C-52 and HIPAA. [Doc. 65 at ¶ 3]. Defendant Hooks argues she is unable to prepare an adequate defense to the Plaintiff's allegations without Plaintiff's NCDPS file. [Id. at ¶ 2]. Plaintiff has not objected or otherwise responded to Defendant Hooks' motion.

Absent objection from the Plaintiff and because it appears that Plaintiff has put the subject of these records at issue in this litigation in any event, the Court will grant the request for a consent protective order.

The Motion is hereby **GRANTED**, and the Court enters the following order.

1. **Scope of the Order.** This Order requires NCDPS to disclose Confidential Information, as defined and designated in accordance with this Order, to counsel for Nurse Hooks. This Order governs the handling and disclosure of all documents, materials and information identified, produced, given, exchanged, obtained, or filed herein and which are designated by NCDPS as "Confidential Information."

2. **Agreement on Use of Confidential Information.** All Confidential Information, as defined and designated in accordance with this Order, shall be used solely in the prosecution or defense of this action including, but not limited to, mediation, other alternative dispute resolution processes, any other settlement process, and all other pre-trial, trial, and post-trial proceedings in this action and shall not be used or disclosed by any person for any other purpose.

3. **"Disclosure."** When used in this Order, the term "Disclosure" shall mean to provide, impart, transmit, transfer, convey, publish, or otherwise make available.

4. **"Confidential Information."** For the purposes of this Order and during the course of this litigation, the parties to this Order shall identify "Confidential Information" and define it as follows:

    a. "Confidential Information" means:

        i. Inmate records of Plaintiff Robert Ballard including, but not limited to, grievances, use-of-force reports, incident reports, external and internal movement records, confidential inmate witness statements provided in the

course of disciplinary investigations, and infraction reports pertaining to Plaintiff for January 1, 2017 to present date;

ii. The medical records maintained by NCDPS pertaining to Plaintiff Robert Ballard for January 1, 2017 to present date;

iii. The mental health records maintained by NCDPS pertaining to Plaintiff Robert Ballard for January 1, 2017 to present date; and

iv. Other documents, materials, or information that are potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a Consent Order.

5. **Disclosure of Confidential Information.** Confidential Information shall not be disclosed to anyone except:

a. The Court and its personnel;

b. The parties to this action as required by law and pursuant to the terms of this Order;

c. C. Houston Foppiano and Gary Adam Moyers, Batten Lee PLLC, counsel for Nurse Hooks in this action and employees and/or vendors of Batten Lee PLLC;

d. Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 6;

e. Court reporters or videographers engaged to record depositions, hearings, or the trial of this action;

f. Members of the Inmate Grievance Resolution Board;

    g. Witnesses at any deposition in this matter as well as witnesses or jurors at the trial of this matter; and

    h. Nurse Hooks' employer and insurer, if any.

6. **Confidentiality Agreements.** Before Confidential Information is disclosed to any vendors of Batten Lee PLLC, as well as any person described in Paragraphs 5(d) and 5(h) of this Order, C. Houston Foppiano and Gary Adam Moyers of Batten Lee PLLC, counsel for Nurse Hooks, shall inform the person to whom the disclosure is to be made that Confidential Information shall be used only for the purpose of the prosecution or defense of this action, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached as Exhibit A. C. Houston Foppiano and Gary Adam Moyers of Batten Lee PLLC, counsel for Nurse Hooks, shall maintain the original Confidentiality Agreement and need not produce it except by agreement of NCDPS and counsel for Nurse Hooks, C. Houston Foppiano and Gary Adam Moyers of Batten Lee PLLC, or upon order of the Court.

7. **Designation of Confidential Information.** Information shall be designated as Confidential Information in the following manner:

    a. In the case of information reduced to paper form, the designation shall be made (1) by placing the appropriate legend, "CONFIDENTIAL – SUBJECT TO CONSENT ORDER" for General Confidential Information on each page containing such information or (2) by such other means as agreed to by NCDPS and counsel for Nurse Hooks. Counsel for NCDPS shall designate the documents identified as confidential at or before the time of the disclosure.

    b. Information on a computer disk, data tape, or other medium that has not been reduced to paper form shall be designated as Confidential Information (1) by

informing counsel for the receiving party in writing that the computer disk, data tape, or other medium contains such Confidential Information and, where applicable, specifying by Bates or other page number the particular information being designated or (2) by such other means as agreed to by the parties to this Consent Order. To the extent practicable, such physical medium shall be labeled using the appropriate legend. Any party receiving Confidential Information designated under this Paragraph shall then be responsible for appropriately labeling any printed version(s) of such information that it creates.

c. Any other information that is not reduced to physical form or cannot be conveniently labeled shall be designated as Confidential Information by serving a written notification of such designation on C. Houston Foppiano and Gary Adam Moyers of Batten Lee PLLC, counsel for Nurse Hooks. The notice shall, where applicable, specify by Bates or other page number the particular information being designated.

8. **Disputes over Designations.** If C. Houston Foppiano and Gary Adam Moyers of Batten Lee PLLC, counsel for Nurse Hooks, object to the designation of any information as confidential, C. Houston Foppiano and Gary Adam Moyers of Batten Lee PLLC, counsel for Nurse Hooks, and counsel for NCDPS shall attempt to resolve the disagreement on an informal basis. If the objection is not so resolved, the objecting counsel may move the Court for appropriate relief. The information in question shall continue to be treated as confidential in accordance with the disputed designation unless and until the Court issues a final ruling that the information does not qualify for such a designation. The non-filing by the objecting party of a motion for relief shall not be deemed an admission that the information qualifies for the disputed designation.

9. **Inadvertent Disclosure of Confidential Information.** Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for the receiving party.

10. **Filing of Confidential Information under Seal.** At the time that Confidential Information is produced to C. Houston Foppiano and Gary Adam Moyers of Batten Lee PLLC, counsel for Nurse Hooks, and counsel for NCDPS will indicate, in writing, if any of the Confidential Information being produced is of the type that should be filed with the Court as a proposed sealed document. If such indication is given, C. Houston Foppiano and Gary Adam Moyers of Batten Lee PLLC, counsel for Nurse Hooks, shall file the document as a proposed sealed document along with a motion to seal and supporting memorandum indicating the basis under which NCDPS determined that the document should be filed under seal. If counsel for NCDPS determines that the document should be filed as a proposed sealed document, counsel for NCDPS agrees that the determination as set forth in this Paragraph will be narrow in scope and any such determination will be consistent with the manner in which the attorneys in the Public Safety Section of the North Carolina Department of Justice file the same or similar documents in 42 USC § 1983 cases involving the medical care of inmates. If no such indication is given by counsel for NCDPS, C. Houston Foppiano and Gary Adam Moyers of Batten Lee PLLC, counsel for Nurse Hooks, may file the Confidential Information with the Court without the need to file such Confidential Information as a proposed sealed document. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and supporting memorandum of law specifying:

a. The exact documents, things, and/or information, or portions thereof, for which filing under seal is requested;

b. Where it is necessary for the Court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access;

c. The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;

d. The reasons why alternatives to sealing are inadequate; and

e. Whether there is consent to the motion.

Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court. Before ruling on any motion to seal, the Court will give public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the Court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the Court will notify persons present in courtroom proceedings of the motion. The Court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interest favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any additional constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

11. **Authors/Recipients.** Except as specifically provided herein, this Order shall not limit use by a party of its own Confidential Information, nor shall this Order limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

12. **Return of Confidential Information.** Following the conclusion of this action, including any appeals, NCDPS may request in writing its return by any other party. Within sixty (60) days after service of such a request, any party that received the Confidential Information shall either return it to counsel for NCDPS or destroy it, at the election of the receiving party; provided that the information shall not be destroyed if otherwise ordered by the Court or a motion for relief from this Paragraph is pending. If a receiving party elects to destroy the Confidential Information rather than returning it to NCDPS, counsel for the receiving party shall provide to NCDPS by the sixty (60) day deadline a signed certification that the Confidential Information has been destroyed. This Paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys of record for each party as archival records or other attorney work-product created for any party. Any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this Paragraph shall remain subject to the terms of this Order. The return of trial exhibits by the Court shall be governed by Local Civil Rules 6.1 or 79.1.

13. **Admissibility of Information.** Neither the terms of this Order nor the disclosure or designation of any information as pursuant to it shall be deemed to establish or vitiate the admissibility under the Federal Rules of Evidence of any information subject to this Order.

14. **Modification.** This Order is without prejudice of the right of NCDPS and/or C. Houston Foppiano and Gary Adam Moyers of Batten Lee PLLC, counsel for Nurse Hooks, to seek modification or amendment of the Order by motion to the Court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

BASED UPON the foregoing, it is therefore FURTHER ORDERED that C. Houston Foppiano and Gary Adam Moyers of Batten Lee PLLC, counsel for Nurse Hooks, will observe

the requirements of this Order as to Confidential Information produced by NCDPS as required by this Order.

**IT IS SO ORDERED.**

Signed: October 9, 2019

Frank D. Whitney
Chief United States District Judge

WE CONSENT:

JOSHUA H. STEIN
Attorney General

/s/ Tammera S. Hill
Special Deputy Attorney General
N.C. Bar No. 23172
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6545
E-mail: thill@ncdoj.gov
*Attorney for NCDPS*


/s/ C. Houston Foppiano
C. HOUSTON FOPPIANO
N.C. State Bar No. 26246
GARY ADAM MOYERS
N.C. State Bar No. 28704
E-mail: hfoppiano@battenlee.com
E-mail: amoyers@battenlee.com
BATTEN LEE PLLC
4141 Parklake Avenue, Suite 350
Raleigh, North Carolina 27612
Telephone: (919) 439-2229
Facsimile: (919) 780-5382
*Attorneys for Regina S. Hooks, RN*

EXHIBIT A

CONFIDENTIALITY AGREEMENT

I, _____ have read and am familiar with the terms of the Consent Order governing the Confidential Information in the case of *Robert Ballard, Plaintiff, v. FNU Hatley, et al., Defendants*, Court File No. 3:17-CV-00393-FDW, in the Western District of North Carolina. I agree to the following:

1. To abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order.

2. To make use of any information obtained, whether in documentary or other form, pursuant to that Order other than for purposes of this litigation.

3. To return to counsel of record or to destroy not later than 60 days after notification of the termination of this litigation any and all documents in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports, or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order).

4. To submit myself to the jurisdiction of the foregoing Court, including its contempt power, for enforcement of said Order.

This the _____ day of _____, 20___.

_____
[PRINTED NAME]