**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00393-FDW**

| | |
|---|---|
| **ROBERT BALLARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **FNU HATLEY, et al.,** | )  **ORDER** |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant Regina S. Hooks' Motion to Dismiss Plaintiff's Amended Complaint. [Doc. 54].

**I.    BACKGROUND**

Pro se Plaintiff Robert Ballard ("Plaintiff") is a North Carolina prisoner who filed this action on July 7, 2017, pursuant to 42 U.S.C. § 1983, based on events alleged to have occurred while Plaintiff was incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina.[1] Pursuant to an order from the Court, Plaintiff filed an Amended Complaint on March 2, 2018, naming the following persons as Defendants: (1) Mr. Herring, Superintendent, Lanesboro Correctional; (2) J. Bennett, Assistant Superintendent, Lanesboro Correctional; (3) Mr. Thompson, Nurse Supervisor, Lanesboro Correctional; (4) Mr. Rogers, Assistant Superintendent, Lanesboro Correctional; (5) Mr. D. Hatley, Unit Manager, Lanesboro Correctional; (6) Capt. Aaron, Captain, Lanesboro Correctional; (7) Sergeant Simmons, Sergeant, Lanesboro Correctional; (8) Nurse

---

[1] Plaintiff's current address on file with the Court indicates he is housed at Lanesboro. The N.C. Department of Public Safety website, however, reflects that Plaintiff is currently housed at Central Prison in Raleigh, North Carolina. If Plaintiff has been permanently moved to Central Prison, it is incumbent upon Plaintiff to file a notice of change of address with the Court or otherwise risk having his case dismissed for failure to prosecute. The Court notes, given Plaintiff's medical condition, it is possible he is being temporarily housed at Central Prison to receive medical treatment.

Parks, Nurse, Lanesboro Correctional; and (9) First Shift Nurses, Lanesboro Correctional. Plaintiff alleges that, while he was incarcerated at Lanesboro, Defendants violated his constitutional rights by deliberately ignoring his serious medical needs and by subjecting him to unconstitutional conditions of confinement.

Specifically, Plaintiff alleges that he was transferred to Lanesboro on May 9, 2017. [Doc. 12 at 8]. Plaintiff alleges that he is confined to a wheelchair and needs a handicapped cell but was transferred to Lanesboro even though it is not a medical hospital. [Id. at 5, 7]. Plaintiff alleges that he should be classified as acuity level A-3, "medical unstable chronic disease requiring a chronic CARE unit same as plaintiff has been housed since 2012." [Id. at 5]. Plaintiff alleges that level A-1 represents someone in good health. [Id. at 7]. Plaintiff alleges that Lanesboro is for prisoners classified as A-1 and A-2 only. [Id.].

Plaintiff alleges that for numerous days he was denied the use of a shower, hot water, and lights in his cell; that various Defendants denied him needed medications; he was denied clean clothing and underwear, pants, shirts, and bedding for nine days; he was chained (by Defendants Aaron, Simmons, and three other officers) with a waist chain and handcuffs (black box); and his leg was cut in response to him knocking on his cell door to receive medical assistance when having chest pains, and he was forced to use the bathroom on the floor. Plaintiff alleges that he wrote a letter to Defendant Rogers, Assistant Superintendent, about not receiving a shower or clean clothes. Defendant Rogers told Plaintiff he could receive a shower and clean clothes, but it did not happen.

As for the first shift nurses, Plaintiff specifically alleges that:

> Plaintiff has heart meds, blood thinners, blood pressure, and several other medications that are due at 7 AM (scheduled)[.] Medical nursing staff on 1st shift is less than 25 ft. from Plaintiff; took anywhere from 9 AM to as late as 630 PM to bring plaintiff his

2

medications – less than 25 ft. away from medical staff.

[Doc. 12 at 6]. Plaintiff also alleges that he was "housed in a cell in medical for 21 days." [Id. at 4]. Plaintiff filed grievances with Defendant Herring, Superintendent of Lanesboro, about his medications not being given to him. He also alleges that Defendant Thompson changed Plaintiff's acuity level from A-3 to A-1. Plaintiff further alleges that Defendant Hatley has denied Plaintiff a handicap cell while at Lanesboro. Finally, Plaintiff alleges that "each and every named Defendant has personal knowledge and involvement in the above actions, decisions." [Doc. 12 at 7]. Plaintiff does not provide a timeline of all the alleged conduct, although it is apparent that Plaintiff's complaints span from on or around May 9, 2017, when he arrived at Lanesboro, to July 7, 2017, when Plaintiff filed his original Complaint in this matter. For relief, Plaintiff states that he seeks injunctive relief and compensatory and punitive damages. [Id. at 8].

On August 2, 2018, the Court conducted a frivolity review of Plaintiff's Amended Complaint and allowed Plaintiff's Eighth Amendment claims against various Defendants to proceed. [Doc. 13]. The Court directed the Plaintiff that the "First Shift Nurses" could not be personally served unless and until the Plaintiff identifies them. [Id. at 5]. On September 10, 2018, Plaintiff moved to substitute party names, identifying the First Shift Nurse Defendants. Defendant Hooks was among those identified. [Doc. 16]. On November 20, 2018, the Court granted Plaintiff's motion file a second amended complaint. [Doc. 23]. Plaintiff, however, has not filed a second amended complaint. The parties are currently in discovery, with dispositive motions due on December 6, 2019. [Docs. 36, 62].

Defendant Hooks, a nurse at Lanesboro at all relevant times, has now filed the pending motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff has not sufficiently stated a claim for deliberate indifference to serious medical needs

3

against her. On July 25, 2019, this Court entered an order giving Plaintiff notice of his right to respond to the motion to dismiss. [Doc. 59]. On August 20, 2019, the Court granted Plaintiff's motion for additional time to respond, making Plaintiff's response to Defendant Hooks' motion to dismiss due on October 8, 2019. The time for Plaintiff to respond has passed, Plaintiff has not responded, and this motion is now ripe for adjudication.

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim, the Court must accept the factual allegations of the claim as true and construe them in the light most favorable to the non-moving party. Coleman v. Maryland Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010). To survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff therefore must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief, i.e., the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. 662 at 678).

## III. DISCUSSION

To state a claim for deliberate indifference, an inmate must establish two requirements: (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). In the medical context, an inmate "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241

(4th Cir. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

As to the objective prong, a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir.1999)). As to the subjective prong, a prison official is deliberately indifferent if he has actual knowledge of and disregards "the risk posed by the serious medical needs of the inmate." Iko, 535 F.3d at 241 (citing Farmer, 511 U.S. at 837); see also Makdessi v. Fields, No. 13-7606, 2015 WL 1062747, at *9 (4th Cir. Mar. 12, 2015) (holding that the subjective prong "may be proven by circumstantial evidence that a risk was so obvious that it had to have been known"). To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Furthermore, not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled in part on other grounds by Farmer, 511 U.S. at 837. Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106. Moreover, while the Constitution requires a prison to provide inmates with medical care, a prisoner is not entitled to receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). A prisoner's difference of opinion over matters of expert medical judgment or a course of medical treatment do not rise to the level of a constitutional violation. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

A § 1983 action must fail where the plaintiff fails to allege that the defendant personally denied plaintiff's constitutional rights. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). The Court may dismiss a complaint that contains conclusory allegations unsupported by any averment of facts. Mason v. Potter, 81 Fed. Appx. 767, 768 (4th Cir. 2003). Further, the presence "of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts cannot support a finding of deliberate indifference." Young, 238 F.3d 567, 577 (4th Cir. 2001).

Here, in support of his deliberate indifference claim against the First Shift Nurses, Plaintiff alleges that he did not receive his medications, which include "heart meds, blood thinners, blood pressure, and several other medications" at the time scheduled for these medications. [Doc. 12 at 6]. The Complaint does not specify the specific duration or frequency of this alleged conduct, but the implication is that Plaintiff was denied the timely administration of his medications for at least 21 days. [See id. at 5-6]. Plaintiff makes no allegations regarding the extent of Defendants' Hooks involvement in this alleged failure of the First Shift Nurses to timely dispense Plaintiff's medications. [See id., generally]. Plaintiff only alleges, in conclusory fashion, "each and every named Defendant has personal knowledge and involvement in the above actions, decisions." [Doc. 12 at 7].

The Court is constrained to grant Defendant Hooks' motion to dismiss. Plaintiff failed to plead facts that imply more than a mere possibility of misconduct by Nurse Hooks. Further, Plaintiff's conclusory allegation that each Defendant had personal involvement is unsupported by any averments of fact relative to Defendant Hooks. Other than this single conclusory allegation purporting to apply to all Defendants in the case, Plaintiff does not allege conduct attributable to Defendant Hooks that is sufficiently frequent or protracted to constitute deliberate indifference to

Plaintiff's medical needs relative to the administration of Plaintiff's medications.

In sum, Plaintiff has failed to state a claim for deliberate indifference against Nurse Hooks.

## IV. CONCLUSION

For the reasons stated herein, Defendant Hooks' motion to dismiss is granted, and Defendant Hooks is dismissed as a Defendant in this action.

**IT IS THEREFORE ORDERED THAT**:

(1) Defendant Hooks' Motion to Dismiss [Doc. 54] is **GRANTED**, and Defendant Hooks is dismissed as a Defendant.

(2) The remaining Defendants shall remain in this action, with dispositive motions due on December 6, 2019.

Signed: October 25, 2019

Frank D. Whitney
Chief United States District Judge