# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:17-cv-00393-MR

ROBERT BALLARD,      )
                          )
          Plaintiff,      )
                          )     **MEMORANDUM OF**
   vs.                 )     **DECISION AND ORDER**
                          )
FNU HATLEY, *et. al.*,      )
                          )
        Defendant.      )
_____ )

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment [Doc. 72].

## I.     PROCEDURAL BACKGROUND

On July 7, 2017, the Plaintiff Robert Ballard, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 for the violation of his civil rights while incarcerated at the Lanesboro Correctional Institution in Polkton, North Carolina ("Lanesboro C.I.").[1]  [Doc. 1].  On January 10, 2018, the Court reviewed the Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A and ordered the Plaintiff to file an amended complaint within thirty days. [Doc. 9].

_____

[1] The Plaintiff has been transferred since his incarceration at Lanesboro CI and is now housed at Central Prison in Raleigh, North Carolina.

On March 2, 2018, the Plaintiff filed an Amended Complaint naming the following persons as Defendants: (1) Mr. Herring, Superintendent, Lanesboro Correctional; (2) J. Bennett, Assistant Superintendent, Lanesboro Correctional; (3) Mr. Thompson, Nurse Supervisor, Lanesboro Correctional; (4) Mr. Rogers, Assistant Superintendent, Lanesboro Correctional; (5) Mr. D. Hatley, Unit Manager, Lanesboro Correctional; (6) Capt. Aaron, Captain, Lanesboro Correctional; (7) Sergeant Simmons, Sergeant, Lanesboro Correctional; (8) Nurse Parks, Nurse, Lanesboro Correctional; and (9) First Shift Nurses, Lanesboro Correctional. [Doc. 12].[2]

In the Amended Complaint, the Plaintiff alleges that he was transferred to Lanesboro on May 9, 2017. [Id. at 8]. The Plaintiff alleges that he is confined to a wheelchair and needs a handicapped cell and was transferred to Lanesboro even though it is not a medical hospital. [Id. at 5, 7]. The Plaintiff further alleges that Defendant Hatley denied Plaintiff a handicap cell while at Lanesboro and that he has been "housed in a cell in medical for 21 days." [Id. at 4].

The Plaintiff further alleges that Defendant Thompson changed his

---

[2] On September 10, 2018, the Plaintiff filed a Motion to Substitute Party Names to substitute the following names for the claims against the First Shift Nurses: Eyho Parks Amba Totou; Regina Hooks; Charlene Barrett; Oluwafuluke Abisogun; and Winnie Kairuki. [Doc. 16]. On September 13, 2018, the Court granted the Plaintiff's Motion and substituted those Defendants. [Doc. 17].

acuity level from A-3 to A-1. [Id. at 6]. The Plaintiff alleges that he should be classified as acuity level A-3, because he has a "medical unstable chronic disease requiring a chronic CARE unit" and he has been housed in such a unit "since 2012." [Id. at 5]. The Plaintiff alleges that Lanesboro is for prisoners classified as A-1 and A-2 only. [Id. at 7].

The Plaintiff alleges that he was denied the use of a shower for several days; that he was kept in a cell that always had the lights on and had no hot water; that he was denied medications; that he was denied clean clothing, underwear, and bedding for nine days; and that he was chained with a waist chain and handcuffs (by Defendants Aaron, Simmons, and three other officers) because he knocked on his cell door to receive medical assistance. [Id. at 4-8.] The Plaintiff alleges that the chains caused bruising on his wrists and forced him to urinate on the floor because he could not use his wheelchair. [Id. at 4-5].

The Plaintiff further alleges that he has heart medications, blood thinners, blood pressure, and several other medications that are scheduled to be taken at the same time each morning. [Id. at 6]. The Plaintiff claims that the nurses failed to provide him with his medications for up to twelve hours in some instances. [Id.].

3

On August 2, 2018, the Court conducted a frivolity review of the Plaintiff's Amended Complaint and allowed the Plaintiff's Eighth Amendment claims against various Defendants to proceed. [Doc. 13].

On February 21, 2019, Defendants Aaron, Bennett, Herring, Rogers, Simmons, and Thompson filed an Answer to the Plaintiff's Amended Complaint. [Doc. 30]. On April 25, 2019, Defendants Totou, Abisogun, and Kairuki filed an Answer to the Plaintiff's Amended Complaint. [Doc. 35]. On July 15, 2019, Defendant Hooks filed an Answer and Motion to Dismiss for Failure to State a Claim. [Docs. 54; 56]. On October 25, 2019, the Court granted Defendant Hooks' Motion to Dismiss and dismissed her from this action. [Doc. 67].

On January 8, 2020, Defendants Aaron, Bennett, Herring, Rogers, Simmons, Thompson, Totou, Abisogun, Kairuki, and Parks (collectively the "Defendants") filed a Motion for Summary Judgment. [Doc. 72]. On March 20, 2020, the Plaintiff responded. [Doc. 78]. On May 26, 2020, the Defendants replied. [Doc. 81].

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is

4

genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). Courts "need not accept as true unwarranted inferences, unreasonable conclusions, or

5

arguments." Eastern Shore Mkt. Inc. v. J.D. Assoc.'s, LLP, 213 F.3d 174, 180 (4th Cir. 2000). The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## III.  DISCUSSION

The Defendants claim that the Plaintiff failed to exhaust his administrative remedies on his claims prior to filing this action on July 7, 2017.  [Doc. 72 at 1].  As such, the Defendants claim that the Plaintiff's Amended Complaint should be dismissed pursuant to the Prison Litigation Reform Act ("PLRA").  [Doc. 73 at 11 (citing 42 U.S.C. § 1997(a))].

The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law,

by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(a). In <u>Jones v. Bock</u>, 549 U.S. 199 (2007), the Supreme Court stated that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." <u>Id.</u> at 211 (citing <u>Porter</u>, 534 U.S. at 524). The Supreme Court has highlighted that the exhaustion of administrative remedies must occur before a civil action is commenced. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002). For example, a prisoner may not exhaust his administrative remedies during the pendency of a Section 1983 action. <u>See</u> <u>Germain v. Shearin</u>, 653 Fed. Appx. 231, 234 (4th Cir. 2016); <u>French v. Warden</u>, 442 F. App'x 845, 846 (4th Cir. 2011). In <u>Anderson v. XYZ Correctional Health Servs.</u>, 407 F.3d 674, 683 (4th Cir. 2005), the Fourth Circuit determined that:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

The North Carolina Department of Public Safety ("NCDPS") has established a three-step procedure governing submission and review of

inmate grievances, which it refers to as the Administrative Remedies Procedures ("ARP"). N.C. Gen. Stat. § 148-11A; Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). Under the ARP, the inmate must submit a grievance at step one and then may appeal an unfavorable decision from step one at steps two and three. Id. A decision at step three of the ARP exhausts the prisoners' remedies under the PLRA. Id.

The Defendants support their Motion for Summary Judgment with an affidavit from Kimberly Grande, the Executive Director of the Inmate Grievance Resolution Board. [Doc. 73-2]. Grande states that only grievance No. 3100-2017-MCAS4-00301 ("Grievance '301") and grievance No. 3100-2017-MNWB2-02560 ("Grievance '560") received a decision at Step Three of the ARP before the Plaintiff filed this action on July 7, 2017. [Id at 3-4]. Grievance '301 alleged that the prison officials refused to replace the Plaintiff's headphones after they allegedly broke them and was resolved at Step Three of the ARP on March 29, 2017. [Doc. 74-2 at 16-25]. Grievance '560 alleged that the prison officials were not giving the Plaintiff appropriate medications and were refusing his several requests to take him to see a doctor. [Doc. 12 at 6; Doc. 74-2 at 27-30]. That grievance was resolved at Step Three of the ARP on May 25, 2017. [Doc. 74-2 at 2, 27-30]. All of the

Plaintiff's other grievances were resolved after the Plaintiff filed this lawsuit. [Doc. 74-2 at 16-112].

Grievance '301 regarded his headphones and therefore is not related to his present claims. Grievance '560, however, is related to the Plaintiff's deliberate medical indifference claim because it alleges that he was not being given appropriate medication or being allowed to see a doctor. [Doc. 74-2 at 27-30]. Because the Plaintiff received a decision at Step Three of the ARP on that grievance, he exhausted his administrative remedies with regard to that claim. N.C. Gen. Stat. § 148-11A; Moore, 517 F.3d at 721. Because the all of the Plaintiff's other grievances were resolved after the Plaintiff filed this lawsuit, the Defendants have shown that the Plaintiff failed to exhaust his administrative remedies with respect to all of his claims other than the claims contained in the Grievance '560. [Doc. 74-2 at 16-112].

The Plaintiff asserts that the prison officials never answered other grievances that he filed, which prevented from exhausting his administrative remedies with regard to those claims. [Doc. 78 at 3]. The Plaintiff, however, does not provide any copies of his allegedly unanswered grievances.[3] The Plaintiff also does not provide any affidavits to support his assertion that

---

[3] The Plaintiff kept copies of the grievances he filed, which makes his failure to provide the allegedly unanswered grievances particularly noteworthy. [Doc. 74-2 at 112].

9

prison officials failed to answer or document some of the grievances that he filed.[4]

The Plaintiff's unsupported argument does not provide any evidence to rebut the Defendants' showing that the Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. Eastern Shore Mkt. Inc. v. J.D. Assoc.'s, LLP, 213 F.3d 174, 180 (4th Cir. 2000) (courts "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."). Without such evidence, the Plaintiff has not presented a sufficient forecast of evidence to survive the Defendants' Motion for Summary Judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (the plaintiff can survive a motion for summary judgment by providing sufficient evidence so that "a reasonable jury could return a verdict for [the plaintiff].") Accordingly, the Defendants' Motion for Summary Judgment will be granted with respect to all of the Plaintiff's claims other than those contained in the grievance he filed on April 20, 2017. Because that grievance was related to the Plaintiff's Eighth Amendment medical deliberate indifference claim, he may proceed on that claim alone.

---

[4] Further, the Plaintiff filed thirteen other grievances between February 1, 2017 and October 8, 2018, none of which allege that the prison officials were failing to respond to the Plaintiff's prior grievances. [Doc. 74-2 at 16-112]. Moreover, prison officials accepted, answered, and documented those thirteen other grievances, showing that the Plaintiff's grievances were not being ignored.

In their Motion for Summary Judgment, the Defendants do not address the underlying merits of the Plaintiff's deliberate medical indifference claim, instead asking the Court to allow them

> to either supplement their motion for summary judgment or file a subsequent motion for summary judgment to address the substance of Plaintiff's Eighth Amendment medical deliberate indifference and conditions of confinement claims for conduct alleged to have occurred while he was confined at Lanesboro Correctional Institution, including Defendants' Eleventh Amendment and qualified immunity defenses.

[Doc. 72 at 2]. Rule 56 does not contemplate or allow piecemeal summary judgment motions. Even if the Rules did allow such piecemeal briefing, the deadline for filing dispositive motions in this case has passed. Moreover, this action has been pending for nearly three years and continued summary judgment briefing would further delay its resolution. Accordingly, the Defendants' request to present a supplemental motion for summary judgment is denied.

## IV.    CONCLUSION

The Plaintiff did not receive a decision at Step Three of the ARP on most of his grievances before filing this action. As such, the Plaintiff failed to exhaust his administrative remedies on those claims. The Plaintiff did, however, receive a decision at Step Three of the ARP on Grievance '560

11

before he filed this action.  [Doc. 74-2 at 26].  As such, the Plaintiff exhausted his administrative remedies with regard to the claims in that grievance. Accordingly, the Defendants' Motion for Summary Judgment will be denied with respect to Plaintiff's claim for deliberate medical indifference as raised in Grievance '560.  The Defendants' Motion will be granted with respect to the Plaintiff's other claims and those other claims will be dismissed without prejudice.  Dillard v. Anderson, No. 2:13-CV-31-FDW, 2010 WL 9553022, at *2 n.2 (W.D.N.C. Sept. 6, 2010) (Whitney, C.J.). ("A dismissal for failure to exhaust administrative remedies is without prejudice.").

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Summary Judgment [Doc. 72] is **GRANTED IN PART** and **DENIED IN PART**.  Specifically, the Motion is denied with respect to the Plaintiff's Eighth Amendment claim for deliberate medical indifference reflected in grievance No. 3100-2017-MNWB2-02560, and the Motion is granted with respect to all of the Plaintiff's other claims.  Those other claims are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**  Signed: June 10, 2020

Martin Reidinger
Chief United States District Judge