UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00393-MR

| ROBERT BALLARD, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| FNU HATLEY, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for the Appointment of Counsel. [Doc. 84].

Pro se Plaintiff Robert Ballard ("Plaintiff") filed this lawsuit pursuant to 42 U.S.C. § 1983 on July 7, 2017. [Doc. 1]. On June 10, 2020, the Court granted Defendants' motion for summary judgment as to all but Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs reflected in Plaintiff's grievance no. 3100-2017-MNWB2-02560. [Doc. 82]. The trial in this matter has been set for March 8, 2021. [9/9/2020 Docket Entry].

Plaintiff now moves for the appointment of counsel. [Doc. 84]. As grounds, Plaintiff cites his extensive medical history and conditions that would make transport to Asheville from Central Prison in Raleigh, North

Carolina, where his is currently housed, logistically difficult. [Id.]. Plaintiff also argues that if he were to represent himself pro se at trial "any number of medical issues could arise." [Id. at 2]. Plaintiff states that he is "open to considering settling this matter" due to his health and he believes that an attorney "could possibly settle this case." [Id. at 1].

A plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). While Plaintiff's circumstances are far from ideal, the Plaintiff has not yet presented exceptional circumstances that justify appointment of counsel. The Court will, therefore, deny Plaintiff's motion for appointment of counsel without prejudice.

Furthermore, it appears that even with counsel, based on Plaintiff's representations in his motion, transportation of Plaintiff to this District for trial may prove logistically and perhaps medically problematic. Given these practical difficulties and the general benefits inherent in settling matters without a trial, the Court will direct the parties to notify the Court within fourteen (14) days of this Order whether they consent for this Court to hold a judicial settlement conference pursuant to Local Civil Rule 16.3(d) in an effort to settle this matter without a trial.

The parties are advised that, should a judicial settlement conference being undertaken in this matter to facilitate settlement, there is no requirement that the case settle through such a conference. Rather, if a judicial settlement conference were unsuccessful, the matter would proceed to trial as scheduled.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for the Appointment of Counsel [Doc. 84] is **DENIED WITHOUT PREJUDICE**.

**IT IS THEREFORE ORDERED** that the parties shall notify the Court within fourteen (14) days of this Order whether they consent to a judicial settlement conference in this matter.

**IT IS SO ORDERED.**

Signed: October 1, 2020

Martin Reidinger
Chief United States District Judge