IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00393-MR

| | |
|---|---|
| ROBERT BALLARD, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) ORDER |
| v. | )<br>) |
| FNU HATLEY, FNU THOMPSON,<br>FNU BENNETT, FNU HERRING,<br>FNU ROGERS, FNU AARON, FNU DOE,<br>FNU PARKS, FNU SIMMONS,<br>EYHO A. PARKS, AMBA E. TOTOU,<br>CHARLENE G. BARRETT,<br>OLUWAFULUKE ABISOGUN,<br>WINNIE KAIRUKI | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the undersigned on Defendants' Motion to Excuse Attendance of Individual Defendants (the "Motion," Doc. 92).

A telephonic settlement conference is set for January 14, 2021 beginning at 9:30 a.m. The Court's Order of December 30, 2020 provided instructions regarding the parties' participation in that conference. Doc. 91.

By their Motion, Defendants David A. Aaron, Jerline Bennett, John A. Herring, William J. Rogers, Jr., Brett A. Simmons, Aree Thompson, Amba Totou, Christina Oluwafuluke Abisogun, Winnie Kairuki, and Echo A. Parks

(collectively, "Moving Defendants"),[1] request that they be excused from personally attending the January 14, 2021 mediation. Doc. 92 at 1. Additionally, Moving Defendants request that "a representative of the insurance carrier for any party" also be excused. Id. Moving Defendants contend that this request is justified because the North Carolina Department of Public Safety ("NCDPS"), as Moving Defendants' employer, is responsible for the first $150,000.00 of liability and because a representative of NCDPS "will attend the scheduled settlement conference and will have the ability to negotiate and enter into any binding settlement agreement on behalf of Defendants." Id. at 2.

In view of Moving Defendants' representation that NCDPS is responsible for the first $150,000.00 of Defendants' liability, the undersigned will excuse a representative from any involved insurance carrier (i.e., a representative other than the NCDPS representative) from participating in the conference.

With respect to Moving Defendants' participation, while defense counsel and the NCDPS representative may have authority to negotiate and enter a binding settlement on behalf of Moving Defendants, as parties to the case Moving Defendants themselves have a vested interest in the matter and the

---

[1] It does not appear that the instant motion is made on behalf of FNU Hatley, FNU Doe, or Charlene G. Bennett. Nor is it clear whether Jerline Bennett and Charlene G. Bennett are the same individual.

undersigned otherwise believes Moving Defendants' personal participation in the conference would be beneficial. In order to ensure that such participation is not unduly burdensome, the undersigned has previously advised that Defendants and their counsel may participate in the settlement conference from different physical locations if they so choose, as long as they are on one conference line during the conference. See Doc. 91 at 2.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Excuse Attendance of Individual Defendants (Doc. 92) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) The request that a representative from any involved insurance carrier (i.e., a representative other than the NCDPS representative) be excused from participating is **GRANTED**; and

(2) The request that Defendants David A. Aaron, Jerline Bennett, John A. Herring, William J. Rogers, Jr., Brett A. Simmons, Aree Thompson, Amba Totou, Christina Oluwafuluke Abisogun, Winnie Kairuki, and Echo A. Parks be excused from personally participating in the January 14, 2021 settlement conference is **DENIED**.

Signed: January 7, 2021

W. Carleton Metcalf
United States Magistrate Judge

3